44070. COOK et al. v. LUMPKIN COUNTY.

WHITMAN, Judge. To plaintiff's condemnation petition, proceeding under the special master method as provided in *Code Ann. Ch.* 36-6A (Ga. L. 1957, pp. 387-397, as amended), the defendant-condemnees filed a response containing a motion to dismiss for failure to state a claim upon which relief could be granted along with motions to strike certain paragraphs of the petition for vagueness, insufficient property description, and on other grounds.

The trial court, after considering oral arguments and briefs, sustained that part of the motion complaining of inadequate property description subject to amendment by plaintiff. The balance of the motion was denied. It is from this order that the defendants appeal.

It appears from the appeal that an amendment to the petition was filed on September 9, 1968. In the appeal appellant requested that the amendment be omitted from the record. The judgment appealed from bears date August 26, 1968, and provides in part as follows: "After considering oral argument and briefs submitted by the parties, that part of defendant's motion to dismiss complaining of inadequate description of the property to be taken is hereby sustained, subject however, to the right of the plaintiff to amend setting forth specific and adequate description by survey on or before September 10, 1968, upon failure of plaintiff to so amend plaintiff's petition will stand automatically dismissed. . . Upon plaintiff's filing amendment as herein authorized either party may request

of the special master heretofore appointed a resetting of the hearing on this matter before the special master. In the meantime, the hearing heretofore set is hereby canceled. All further questions arising in this proceeding pending determination by the special master will be heard before the special master." Nothing appears from the record as to the contents of the amendment or in respect of its sufficiency.

The above order not being a judgment finally disposing of the case below and not having been certified by the trial judge within 10 days of entry as of such importance to the case that immediate review should be had, cannot be the basis of an appeal. *State Hwy. Dept. v. Rosenfeld*, 118 Ga. App. 524 (164 SE2d 259); *Stephens v. United Trust Life Ins. Co.*, 118 Ga. App. 514 (164 SE2d 335); *Tenneco Oil Co. v. Mullis*, 118 Ga. App. 540 (164 SE2d 312); *Code Ann.* § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073).

*Appeal dismissed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED NOVEMBER 7, 1968—DECIDED MARCH 12, 1969.

*Houston White, Sr.*, for appellants.
*Kenneth R. Keene*, for appellee.